**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

BERNICE ADAMS,

                Plaintiff,

v.                                                  ACTION NO. 4:13cv39

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

                Defendant.

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. The undersigned recommends that the decision of the Commissioner be VACATED and REMANDED to the Commissioner for further analysis consistent with this Report and Recommendation and the Fourth Circuit's holding in *Bird v. Astrue*, 699 F.3d 337 (4th Cir. 2012).

**I. PROCEDURAL BACKGROUND**

Plaintiff protectively applied for DIB on November 30, 2011, alleging she has been disabled since November 16, 2011, due to traumatic brain injury, depression, anxiety, Post-

Traumatic Stress Disorder ("PTSD"), cognitive and concentration problems, headaches, shin splints, sleep apnea, bilateral per planus, shoulder pain, and knee pain. R. 21, 130-37, 177, 219.[1] Plaintiff's application was denied initially and on reconsideration. R. 94-98, 101-103. Following an administrative hearing, the Administrative Law Judge (ALJ) issued a decision on September 6, 2012, finding Plaintiff was not disabled within the meaning of the Social Security Act. R. 21-31. The Appeals Council denied Plaintiff's request for administrative review of the ALJ's decision on January 24, 2013. R. 4-9. Therefore, the ALJ's decision stands as the final decision of the Commissioner for purposes of judicial review. *See* 42 U.S.C. § 405(g) (2012).

## II. FACTUAL BACKGROUND

Plaintiff graduated from high school, has thirty-six hours of college credit, and was thirty-five years old at the time of the ALJ's decision. R. 29-30. She has past relevant work experience as a restaurant shift manager and transportation supervisor. R. 29-30. Plaintiff served in the United States Army from 2002 through 2012. R. 1537. In 2003, Plaintiff was involved in an automobile accident in Iraq. R. 324. Plaintiff's vehicle was rear-ended, and she received treatment for whiplash and dizziness. R. 324.

**A.     Medical Records**

Plaintiff's medical records show Plaintiff sought treatment at the McDonald Army Health Center for anxiety, depression, decreased ability to concentrate, and sleep disturbance beginning December 2010 (R. 447-48), with records dated through July 2012. R. 1821. In addition, Plaintiff sought treatment in 2011 and 2012 for knee pain and shoulder pain. R. 421-22, 382-83, 1305, 1314-15, 1653-57, 1809.

---

[1] The citations in this Report and Recommendation are to the Administrative Record.

B.  **Department of Veteran Affairs Disability Ratings**

In December 2011 and June 2012, the Department of Veterans Affairs ("VA") assigned Plaintiff a 70% disability rating related to Plaintiff's PTSD, depression, and traumatic brain injury. R. 1537-55, 1560-81. The VA also assigned a 10% disability rating for each of the following: right shoulder strain, left shoulder degenerative joint disease, right knee strain, left knee strain, right ankle strain, and left ankle strain.[2] This resulted in a combined service connected disability rating of 90%. R. 1558.[3]

C.  **State Agency Medical and Psychological Assessments**

A state agency physician reviewed Plaintiff's medical record in April 2012, and determined Plaintiff could lift 50 pounds occasionally and 25 pounds frequently, not climb ladders/ropes/scaffolds, and climb ramps/stairs frequently. R. 72-73. This assessment was affirmed by a second state agency physician in June 2012. R. 86-88. A state agency psychologist assessed Plaintiff's work-related mental limitations in March 2012, and determined Plaintiff was moderately limited in her ability to maintain attention and concentration for extended periods, and has moderate limitations in her ability to interact appropriately with the general public. In June 2012, another state agency psychologist concurred, finding Plaintiff capable of performing one-to-two step work-related tasks. R. 88-90.

### III. STANDARD OF REVIEW

In reviewing a decision of the Commissioner denying benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the

---

[2] On October 24, 2013, without objection, Plaintiff supplemented the record with an additional VA Disability Rating dated September 11, 2013. ECF No. 17. This VA Disability Rating was not before the ALJ or the Appeals Council, and does not affect the Court's analysis.

[3] Plaintiff's brief explains that "the VA offsets the functional impact from medical impairments that affect the same bodily functions," and as a result Plaintiff's 130% rating becomes 90%. Pl.'s Mem. 9; ECF No. 10.

record, and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g) (2012); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). It consists of "more than a mere scintilla" of evidence, but may be somewhat less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

When reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589; *Hays*, 907 F.2d at 1456. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." *Craig*, 76 F.3d at 589. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed, unless the decision was reached by means of an improper standard or misapplication of the law. *Perales*, 402 U.S. at 390; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citing *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980)). Thus, reversing the denial of benefits is appropriate only if either (A) the ALJ's determination is not supported by substantial evidence on the record, or (B) the ALJ made an error of law. *Coffman*, 829 F.2d at 517.

## IV. ANALYSIS

To qualify for a period of disability and DIB under section 216(i) and 223 of the Social

Security Act, 42 U.S.C. §§ 416(i) and 423, an individual must meet the insured status requirements of these sections, be under age sixty-five, file an application for DIB and a period of disability, and be under a "disability" as defined in the Act. The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under Title II of the Act as the inability to do any substantial gainful activity, by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505(a) (2012); *see also* 42 U.S.C. §§ 423(d)(1)(A) and 416(i)(1)(A) (2012). To meet this definition, the claimant must have a "severe impairment," which makes it impossible to do previous work or any other substantial gainful activity that exists in the national economy.

In evaluating disability claims, the regulations promulgated by the Social Security Administration provide that all material facts will be considered to determine whether a claimant has a disability. The Commissioner follows a five-step sequential analysis to ascertain whether the claimant is disabled. The ALJ must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that equals a condition contained within the Social Security Administration's official listing of impairments, (4) has an impairment that prevents her from past relevant work, and (5) has an impairment that prevents her from any substantial gainful employment. An affirmative answer to question one, or negative answers to questions two or four, result in a determination of no disability. Affirmative answers to questions three or five establish disability. This analysis is set forth in 20 C.F.R. § 404.1520.

"When proceeding through this five step analysis, the ALJ must consider the objective

medical facts, the diagnoses or medical opinions based on these facts, the subjective evidence of pain and disability, and the claimant's educational background, age, and work experience." *Schnetzler v. Astrue*, 533 F. Supp. 2d 272, 286 (E.D.N.Y. 2008). At all steps the ALJ bears the ultimate responsibility for weighing the evidence. *Hays*, 907 F.2d at 1456.

**A.     Decision of the ALJ – September 6, 2012**

The ALJ found that Plaintiff met the insured status requirement through December 31, 2016. R. 23. At the first step of the sequential analysis, he concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, November 16, 2011. R. 23. At the second step, the ALJ found that Plaintiff has a number of severe impairments including: a traumatic brain injury, a bilateral shoulder impairment, a bilateral knee impairment, depression, and anxiety. R. 23. The ALJ found that Plaintiff's other conditions, including sleep apnea and ADHD, were non-severe as they caused no significant functional limitations. R. 24.

At the third step, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. 24. Further, after looking at the record, the ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform light work with the following exceptions: she can only occasionally bend and stoop; she can perform work activities that do not expose her to dangerous machinery; and, she can perform simple, repetitive tasks that do not involve frequent interaction with the general public. R. 25. The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were "not credible to the extent they [were] inconsistent with the above residual functional capacity assessment." R. 29. The ALJ gave moderate weight to the state agency physicians'

opinions regarding Plaintiff's physical impairments, and great weight to their opinions regarding Plaintiff's mental abilities.

Further, in determining Plaintiff's RFC, the ALJ considered the VA ratings, but found they were only entitled to "slight weight" because:

> the standards for 'disability' used by the VA differ from the adult standards for disability in the Social Security Regulations. The findings of the VA are related to the claimant's fitness to perform her duties in the military and are not consistent with the inability to perform any work activities on a sustained and continuous basis. Additionally, the treatment records and examination/evaluation records do not document mental limitations and/or physical limitations that are consistent with 'disabling' limitations as defined in the regulations.

R. 29. After briefly summarizing the treatment records, the ALJ concluded, "[t]he objective evidence as a whole does not support the degree of impairment the VA assigned Ms. Adams in terms of 'disability' as defined in the Social Security regulations." R. 29.

At the last step of the sequential analysis, relying on the testimony of a vocational expert, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. R. 30.

**B.     Remand is Recommended to Enable the ALJ to Comply with Fourth Circuit Precedent Requiring that "Substantial Weight" be Given to the VA Disability Rating**

At the time of the hearing and presently, Social Security regulations require the ALJ to consider decisions by other governmental agencies related to the claimant's disability, allowing that those decisions are not binding. 20 C.F.R. §§404.1504, 404.1512(b)(5). In November 2012, after the ALJ issued the decision in this case, but before the Appeals Council denied review, the

Fourth Circuit decided in *Bird v. Commissioner of Social Security Administration* that the Social Security Administration ("SSA") "must give substantial weight to a VA disability rating." 699 F.3d 337, 343 (4th Cir. 2012). In *Bird*, the VA rated a Vietnam War Veteran suffering from PTSD with a 100% disability. *Id.* at 339. The district court's decision, upholding the ALJ's finding that the VA rating decision was not relevant to Bird's social security disability determination, was reversed by the Fourth Circuit. *Id.* at 343-44. The Fourth Circuit reasoned that both the VA and SSA "serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Id.* at 343. As both agencies assess a claimant's ability to work in the national economy by focusing on their functional limitations, which requires extensive medical documentation, "a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." *Id.* The court recognized that "the SSA employs its own standards for evaluating a claimant's alleged disability, and [] the effective date of coverage for a claimant's disability under the two programs likely will vary." *Id.* Accordingly, the court held the SSA may give less than substantial weight to the VA rating "when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.*

Defendant argues that the ALJ complied with *Bird* by carefully considering Plaintiff's VA disability rating and explaining his rationale for assigning the rating less than substantial weight. Def.'s Mem. 12. Defendant asserts that, not only is there substantial evidence in the record to support the ALJ's finding, but that the record "clearly demonstrates" a deviation from an assignment of substantial weight is appropriate. Def.'s Mem. 11-12. While the ALJ evaluated the medical evidence and considered the VA rating, the Court finds the brief explanation the ALJ offered for why the VA disability rating was entitled to only "slight weight," is not sufficient in

light of the new *Bird* requirement of assigning substantial weight to a VA disability rating unless the records clearly demonstrates a deviation is appropriate. *Bird*, 699 F.3d at 343. The first reason cited by the ALJ for discounting the VA rating, that the standards are different from those used by the Social Security Regulations, is less persuasive after *Bird*. R. 29. The ALJ offers a second reason, that the objective records do not support the VA disability rating in this case; however, the ALJ's analysis was based on the law prior to *Bird*.

The requirement of giving substantial weight to the VA's disability determination did not exist prior to *Bird*. *See Bird*, 699 F.3d at 343 ("We have not previously addressed the weight that the SSA must afford to a VA disability rating."); s*ee also Barnett v. Astrue*, No. 3:10cv1316, 2012 WL 75046, at *16 (S.D. W. Va. Jan. 10, 2012) ("When comparing the standards for establishing disability promulgated by the SSA to the less exacting standards employed by the VA, the ALJ's decision to give 'little weight' to the VA's determination is entirely reasonable."). Consequently, it is unclear whether the ALJ would have reached the same conclusion if he had started with the presumption that the VA disability rating was entitled to substantial weight. After reviewing the record and the ALJ's analysis, the undersigned cannot find that the ALJ's decision denying benefits is supported by substantial evidence, or that the same conclusion would have been reached following the decision in *Bird*. Accordingly, remand is the appropriate remedy.

### V. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Summary Judgment (ECF No. 9) be GRANTED to the extent that it seeks remand of the Commissioner's decision; the Commissioner's Cross Motion for Summary Judgment (ECF No. 11) be DENIED;

and the final decision of the Commissioner be VACATED and REMANDED for further analysis consistent with this Report and Recommendation and the Fourth Circuit's holding in in *Bird v. Astrue*, 699 F.3d 337 (4th Cir. 2012).

## VI. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

                                                /s/
                                          Tommy E. Miller
                                  United States Magistrate Judge

Norfolk, Virginia
November 18, 2013